MICHAEL GORMLEY *et al.*

*v.*

GERTRUDE UTHE.

*Filed at Ottawa May 15, 1886.*

1. SWAMP LANDS—*grant to the State of "unsold" swamp lands—grant construed.* The act of Congress of September 28, 1850, granting to this State all *unsold* swamp lands within its borders, did not pass to the State the title to such land as the government before that time had agreed or assumed to grant to others. It did not pass to the State any tract upon which the land officers had allowed a military bounty warrant to be located before its passage.

2. On the tenth day of July, 1850, the holder of a military bounty land warrant located the same on a tract of land in this State, which the evidence showed to be swamp land. On September 28, 1850, Congress passed an act granting to this State all *unsold* swamp and overflowed lands within its borders. On February 10, 1851, the United States issued a patent to the locater for the land: *Held,* that the patent passed the title to the patentee.

3. STATUTE—*construction—what looked to for the meaning of words used.* In giving a construction to the words used in a statute, many things are to be kept in view, such as, the object or purposes of the act, the connection in which they are used, and the consequences that will probably result from the proposed construction; and so in one enactment a word may be construed in an enlarged sense, and in another its meaning may be limited and contracted.

4. EVIDENCE—*exemplified copies of entries in land office.* An exemplified copy of an entry in the land office of the United States is admissible in evidence to show the location of a land warrant upon a tract of the public land by the holder of the same.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. MORTON & CULVER, for the plaintiffs in error:

This is the third time this case has been before the Appellate Court, in one shape or another, and twice the judgments of the court below have been reversed, and the cause remanded. *Gormley v. Uthe,* 1 Bradw. 170; *Culver* v. *Uthe,* 7 id. 468.

The act of Congress of September 28, 1850, granted all unsold land in this State which was swamp or overflowed land, to the State. *Railroad Co.* v. *Smith,* 9 Wall. 99; *Keller* v. *Brickey,* 78 Ill. 133.

To show this tract had been sold to Uthe prior to the passage of that act, the plaintiff offered in evidence exemplified copies of a military bounty location. There was error in its admission, first, because there was no proof of any of the signatures; (*Russell* v. *Whiteside,* 4 Scam. 7;) second, because it is not admissible under the common law, or any law of this State or the United States; and third, because at any

rate, even if admitted, it would not prove a sale.    *States, etc.* v. *McFarland,* 110 U. S. 471.

The older patent carries the title.    *Bruner* v. *Manlove,* 1 Scam. 156.

The act of September 28, 1850, is a grant *in præsenti.* (*Railroad Co.* v. *Smith,* 9 Wall. 99.)    A grant *in præsenti* is a patent, and a patent only passes title.    *Wilcox* v. *Jackson,* 13 Pet. 498.

Mr. WILLIAM H. CONDON, and Messrs. BOOTH & BOOTH, for the defendant in error:

The exemplified copy of the military bounty location was admissible under the common law.    1 Greenleaf on Evidence, sec. 485.

Congress never intended to grant lands situated as this was at the date of the passage of the act of 1850.    Uthe had given up his warrant, and was then the owner of the land, although his patent had not then been issued.    The land was sold to him for the purpose of and within the meaning and intention of that act.

Gormley and Culver knew at the time of this purchase that this was swamp land.    If they wished to rescind their contract, it was their duty to act promptly, and not wait to speculate on the effect of the drainage scheme, or the rise in market value.    This delay is fatal to the defence.    2 Parsons on Contracts, 677; *Hodson* v. *Davis,* 2 Camp. 530; *O'Kell* v. *Smith,* 1 Starkie, 86.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

Gertrude Uthe, the defendant in error, recovered a judgment in the circuit court of Cook county, against Michael Gormley and Morton Culver, plaintiffs in error, for $7039. A *remittitur* of $39 was subsequently entered, reducing the

judgment to $7000, which was affirmed, on error, by the Appellate Court for the First District.

The action below was assumpsit, the plaintiff counting upon eleven promissory notes given by the defendants to the plaintiff for a certain quarter section of land near Chicago, which the plaintiff conveyed to them with the usual covenants of warranty. To the declaration, which was in the usual form, the defendants pleaded, first, *non-assumpsit;* second, total failure of consideration; and third, set-off. Issues of fact were joined on these pleas, and tried before the court and a jury, with the result stated.

The lower courts, to reach the conclusion they did, must have found that the defendants made the notes as charged in the declaration, that there was no failure of the consideration for which they were given, and also that the plaintiff was not indebted to the defendants by way of set-off. So far, therefore, as the case depends upon these findings of the lower courts, plaintiffs in error clearly can have no relief here.

The controlling question in the trial court was, whether the title to the land in question was in the defendant at the time of her conveyance to plaintiffs in error. The plaintiff, on the trial, made out a *prima facie* case by putting in evidence the eleven notes sued on, and thereupon rested. The defendants then proved the notes were given to secure the purchase money for the quarter section of land in question, and that contemporaneously with their execution, and as part of the same transaction, the plaintiff conveyed the land to defendants by a general warranty deed. It was further shown that said land is swamp land, and was so on the 28th of September, 1850, when the act of Congress, granting the *unsold* swamp and overflowed lands to the State, went into effect. The act itself was also put in evidence, together with an exemplified copy of the patent from the United States, for the land, issued on the 10th of February, 1851, to Christopher F. Uthe, the father of the plaintiff, and through whom she de-

rives title. The defendants then rested. Upon this showing, the grant to the State being anterior to the issuing of the patent, the title to the land appeared to be in the State. To meet the *prima facie* defence thus made, the plaintiff then proved by an exemplified copy of so much of the records of the land office as relates to the location of military bounty land warrant No. 37,714, that the same was, on the 10th day of July, 1850, duly located by the said Christopher F. Uthe on said quarter section of land, in pursuance of which the patent of the 10th of February, 1851, was issued to him, as above shown.

This being all the evidence, the court, on the trial, refused to instruct the jury, at the instance of the defendants, that if they found the facts as above set forth, the law was with the defendants, and that they should find accordingly. The ruling of the court in this respect presents the only question necessary to be considered.

As the grant by Congress extends to all swamp and overflowed lands in the State remaining *unsold* at the time of the passage of the act, it is contended by plaintiffs in error, that notwithstanding the location of the warrant by Uthe upon the land, the title thereto nevertheless passed to the State under the grant, and that therefore Uthe took nothing by his patent. This contention is founded upon the technical doctrine that where land or other property is bargained and disposed of for a consideration other than *money*, the transaction, in contemplation of law, is not a *sale*, but a mere barter or exchange. This we concede to be the general doctrine on the subject. But it does not necessarily follow that in construing the word "sale" or "sold" where it occurs in a statute, it may not be used in a different sense or have a more extended meaning. In giving a construction to words in a statute, many things are to be kept in view, such as, the object or purposes of the act, the connection in which they are used, and the consequences that will probably result from the pro-

posed construction. Influenced by these considerations, the same word may mean one thing in one statute and a different thing in another. In one enactment the ordinary meaning of a word may be enlarged, in another contracted. In the present case we do not think the word "sold," occurring in the first section of the act in question, is used in its strictly technical sense, as claimed, but in a more extended sense of the term, so as to exclude from the operation of the grant all lands which the United States had, by any valid agreement, already disposed of at the time the act took effect, whether technically a sale or not. The location of the warrant was authorized by law, and, when made, was a valid act, mutually binding upon the government as well as the party making it. It is unreasonable to suppose, therefore, that Congress, in making the grant of swamp lands to the State, could have intended, even conceding it had the power to do so, to defeat and abrogate, by mere legislative enactment, all entries of land by military bounty warrants for which patents had not been issued at the time of the passage of the act.

But if counsel for plaintiffs in error is correct in his reasoning, it is not readily perceived how the issuing of a patent would have helped the matter, for the mere issuing of the patent could not have changed the character of the consideration paid for the land, and, according to the technical common law rule, there can be no sale in any case where the consideration is anything other than money. The case of *States of Iowa and Illinois, Petitioners,* v. *McFarland,* 110 U. S. 471, cited by counsel, we do not regard as in conflict with the view here taken. The court, in that case, construed the word "sale," as it occurred in the statute then under consideration, according to its strict technical signification, and we fully concur in the conclusion reached. The context and presumed intention of Congress, under all the circumstances, we think, demanded that construction. That case, so far from being in

conflict with the view here taken, well illustrates what we have said in this.

It is also objected that the court erred in admitting in evidence the exemplified copy of the land office record showing the location of the land warrant in question. There is no force in this objection. 1 Greenleaf on Evidence, sec. 485.

It follows from what we have said, the defence in the case was not made out, and the judgment, therefore, will be affirmed.

*Judgment affirmed.*